# EXHIBIT A

# Following Form Excess Liability Policy
**Declarations**



**ZURICH**

## American Guarantee & Liability Insurance Company

**Policy Number:** AEC 9303575 05                    Renewal of Number: AEC 9303575 04

1. **Named Insured:**   IMPERIAL SUGAR COMPANY      **Producer:**   HILB, ROGAL & HOBBS

2. **Mailing Address:**   P. O. BOX 9
   SUGAR LAND, TX 77487                                    1155 DAIRY ASHFORD, SUITE 350
                                                           HOUSTON, TX 77079

3. **Policy Period:**   FROM:   **04/01/2007**  TO:   **04/01/2008**
   at 12:01 A.M. Standard Time at the address of the Named Insured.

4. **Limits of Insurance:**   A.   $25,000,000 Part Of $50,000,000   **Occurrence**

   B.   $25,000,000 Part Of $50,000,000   **Other Aggregate**

   C.   $25,000,000 Part Of $50,000,000   **Products/Completed Operations Aggregate**

5. **Policy Premium:**
   Advance Premium                           $37,875
   Policy Minimum Earned Premium             $9,468

6. **Underlying Insurance:**
   A. **Controlling Underlying Policy:**

   Insurance Company:   NATIONAL UNION FIRE INSURANCE CO.
   Policy Number:       9834743
   Policy Period:       From: 04/01/2007   To: 04/01/2008
   Limit of Insurance:

   $25,000,000 **Occurrence**

   $25,000,000 **Other Aggregate**

   $25,000,000 **Products/Completed Operations Aggregate**

   B. **Total Limits Of All Underlying Insurance, Including The Controlling Underlying Policy Which This Policy Applies Excess Of:**

   $50,000,000 **Occurrence**

   $50,000,000 **Other Aggregate**

   $50,000,000 **Products/Completed Operations Aggregate**

7. **Endorsements Attached:**   See Attached Schedule of Forms and Endorsements

igned by: _____        _____
          Authorized Representative                  Date

U-EXS-D-100-A CW  (4/99)
Page 1 of 1

# Schedule of Forms and Endorsements



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer |
|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 |

**Named Insured and Mailing Address:**

**IMPERIAL SUGAR COMPANY**
**P. O. BOX 9**
**SUGAR LAND, TX 77487**

**Producer:**

**HILB, ROGAL & HOBBS**
**1155 DAIRY ASHFORD, SUITE 350**
**HOUSTON, TX 77079**

### Schedule of Forms and Endorsements

| Form Name | Form Number | Edition Date |
|---|---|---|
| Following Form Excess Liability Policy Declarations | UEXSD100ACW | 4/1999 |
| Schedule of Forms and Endorsements | UEXS215ACW | 4/1999 |
| Important Notice-TX | UGU296CTX | 7/1994 |
| Texas Policyholder Notice Asbestos Exclusion | UEXS223ATX | 4/1999 |
| Silica or Silica Mixed Dust Exclusion | UEXS294ACW | 6/2004 |
| USLH/Jones Act Exclusion | UEXS174ACW | 4/1999 |
| Absolute Pollution Follow Form | UEXS150ACW | 4/1999 |
| Texas Changes | UEXS212ATX | 4/1999 |
| Texas Changes - Settlement Notification | UEXS222ATX | 4/1999 |
| Notice of Occurrence Endorsement | UEXS266ACW | 7/2001 |
| Certified Act of Terrorism Retained Amount Provision | UEXS150ACW | 4/1999 |
| Disclosure of Premium Endorsement (Relating to Disposition of TRIA) | UGU692BCW | 1/2006 |
| Following Form Excess Liability Policy Jacket | UEXS218ACW | 4/1999 |
| Following Form Excess Liability Policy | UEXS100ACW | 4/1999 |
| In Witness Clause | UEXS217ACW | 4/1999 |

Signed by: _____          _____
             Authorized Representative                                          Date

# IMPORTANT NOTICE



**Important Notice to Texas Customers:**

To obtain information or make a complaint

You may call Zurich North America's toll-free telephone number for information or to make a complaint at:
1-800-382-2150 (Monday through Friday, 9a.m.- 4 p.m.)

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:
1-800-252-3439

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX 78714-9104
FAX #(512) 475-1771

Premium or claim disputes:

Should you have a dispute concerning your premium or about a claim, you should contact the agent or the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

Attach this Notice to your Policy:

This notice is for information only and does not become a part or condition of the attached document.

Endorsement # 1

# Texas Policyholder Notice
# Asbestos Exclusion


**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

**IMPERIAL SUGAR COMPANY**
**P. O. BOX 9**
**SUGAR LAND, TX 77487**

**Producer:**

**HILB, ROGAL & HOBBS**
**1155 DAIRY ASHFORD, SUITE 350**
**HOUSTON, TX 77079**

### NOTICE TO TEXAS POLICYHOLDER

This notice is to advise you that this Following Form Excess Liability Policy includes an exclusion for any liability, damage, loss, cost or expense arising out of asbestos.

Endorsement # 2

# Silica or Silica Mixed Dust Exclusion



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

IMPERIAL SUGAR COMPANY
P. O. BOX 9
SUGAR LAND, TX 77487

**Producer:**

HILB, ROGAL & HOBBS
1155 DAIRY ASHFORD, SUITE 350
HOUSTON, TX 77079

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This policy does not apply to:

1.  Any liability, damage, loss, cost or expense caused directly or indirectly, in whole or in part,  by  the actual, alleged or threatened inhalation, ingestion, absorption, exposure to, existence of or presence of silica; or

2.  Any loss, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any manner responding to or assessing the effects of silica by any insured or by any other person or entity.

3.  As used in this exclusion, silica means:

    a.  Any form of crystalline or non-crystalline (amorphous) silica, silica particles, silica compounds, silica dust or silica mixed or combined with dust or other particles; or

    b.  Synthetic silica, including precipitated silica, silica gel, pyrogenic or fumed silica or silica-flour.

Signed by: _____

_____ Authorized Representative _____           _____ Date _____

Endorsement # 3

# USL&H/Jones Act Exclusion



## ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

IMPERIAL SUGAR COMPANY
P. O. BOX 9
SUGAR LAND, TX 77487

**Producer:**

HILB, ROGAL & HOBBS
1155 DAIRY ASHFORD, SUITE 350
HOUSTON, TX 77079

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This policy does not apply to any liability, damage, loss, cost or expense imposed on any insured under the United States Longshoremen's and Harbor Workers' Compensation Act (USL&H) or to the Federal Merchant Marine Act (Jones Act), including any changes or amendments thereto.

Signed by:_____

    Authorized Representative            Date

Endorsement # 4

# Absolute Pollution Follow Form



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

**IMPERIAL SUGAR COMPANY**
**P. O. BOX 9**
**SUGAR LAND, TX 77487**

**Producer:**

**HILB, ROGAL & HOBBS**
**1155 DAIRY ASHFORD, SUITE 350**
**HOUSTON, TX 77079**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SECTION IV. – EXCLUSIONS, EXCLUSION B.** is deleted in its entirety and replaced by the following:

**B. 1.** Arising directly or indirectly out of the actual, alleged or threatened existence, discharge, seepage, migration, disposal, release or escape of "pollution."

**2.** Arising out of any:

    **a.** Request, demand, or order that any insured or others test for, monitor, clean- up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutions", or

    **b.** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, clean-up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

As used in this endorsement:

"Pollutants" means any man-made or naturally occurring solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to; smoke; vapor; soot; fumes; acids; alkalis; chemicals; and waster. Waste includes materials to be recycled, reconditioned or reclaimed.

However, paragraph **B.1.** of this exclusion does not apply to bodily injury or property damage for which coverage is afforded under **National Union Fire Insurance Company** Policy No. **9834746** (hereafter referred to as "Underlying Pollution Coverage"). In no event shall coverage afforded by this endorsement be boarder that coverage afforded by such "Underlying Pollution Coverage". In the event that the "Underlying Pollution Coverage" is amended or deleted after the inception date of this policy, we must be so advised in writing within 14 days after the effective date of such amendment or deletion. Any amendment that broadens coverage under the "Underlying Pollution Coverage" shall not be binding upon us unless our agreement is acknowledged in writing by an authorized representative of the Company.

Signed by: _____    _____
        Authorized Representative              Date

Endorsement # 5

# Texas Changes



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

IMPERIAL SUGAR COMPANY
P. O. BOX 9
SUGAR LAND, TX 77487

**Producer:**

HILB, ROGAL & HOBBS
1155 DAIRY ASHFORD, SUITE 350
HOUSTON, TX 77079

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

A. **CONDITION C. Cancellation,** paragraphs **2., 3.** and **4.** are deleted and replaced by the following:

We may cancel this policy by mailing or delivering to you written notice of cancellation, stating the reason for cancellation, at least 10 days before the effective date of cancellation.

    a. If this policy has been in effect for 60 days or less, we may cancel for any reason except that under the provisions of the Texas Insurance Code, we may not cancel this policy solely because the policyholder is an elected official.

    b. If this policy has been in effect for more than 60 days, or if it is a renewal or continuation of a policy issued by us, we may cancel only for one or more of the following reasons:

        (1) Fraud in obtaining coverage;

        (2) Failure to pay premiums when due;

        (3) An increase in hazard within the control of the insured which would produce an increase in rate;

        (4) Loss of our reinsurance covering all or part of the risk covered by the policy; or

        (5) If we have been placed in supervision, conservatorship or receivership and the cancellation is approved or directed by the supervisor, conservator or receiver.

    c. Notice to you is deemed to be notice to all insureds.

    d. Return of unearned premium is not a condition of cancellation.

B. The following **CONDITION** is added and supersedes any provision to the contrary:

**Nonrenewal**

    1. We may elect not to renew this policy except, under the provisions of the Texas Insurance Code, we may not refuse to renew this policy solely because the policyholder is an elected official.

    2. If we elect not to renew this policy, we may do so by mailing or delivering to you, at the last mailing address known to us, written notice of nonrenewal, stating the reason for nonrenewal, at least 60 days before the expiration date.

    If notice is mailed or delivered less than 60 days before expiration, this policy will remain in effect until the 61st day after the date on which the notice is mailed or delivered. Earned premium for any period of coverage that extends beyond the expiration date will be computed pro rata based on the previous year's premium.

    3. If notice is mailed, proof of mailing will be sufficient proof of notice.

4.  The transfer of a policyholder between admitted companies within the same insurance group is not considered a refusal to renew.

5.  Notice to you is deemed to be notice to all insureds.

Signed by: _____          _____
             Authorized Representative                          Date

Endorsement # 6

# Texas Changes - Settlement Notification



**ZURICH**

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

IMPERIAL SUGAR COMPANY
P. O. BOX 9
SUGAR LAND, TX 77487

**Producer:**

HILB, ROGAL & HOBBS
1155 DAIRY ASHFORD, SUITE 350
HOUSTON, TX 77079

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

SECTION V. CONDITIONS is amended to include the following:

    Notice of Settlement of Liability Claim

    **a.** We will notify you in writing of any initial offer to compromise or settle a claim against your policy. We will give you notice within 10 days after the date the offer is made.

    **b.** We will notify you in writing of any settlement of a claim against you under the liability section of this policy. We will give you notice within 30 days after the date of settlement.

Signed by: _____           _____
             Authorized Representative                                    Date

Endorsement # 7

# Notice of Occurrence Endorsement



ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

**IMPERIAL SUGAR COMPANY**
**P. O. BOX 9**
**SUGAR LAND, TX 77487**

**Producer:**

**HILB, ROGAL & HOBBS**
**1155 DAIRY ASHFORD, SUITE 350**
**HOUSTON, TX 77079**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Any Notice of Occurrence as required in **SECTION V. CONDITIONS,** Condition **E.** of the policy should be reported to:

        **Account Service Center**

        **Attention: Claims Department**

        **Zurich North America**

        **1400 American Lane**

        **Schaumburg, Illinois 60196-1056**

Signed by:_____
        Authorized Representative             Date

Endorsement # 8

# Certified Act of Terrorism Retained Amount Provision



ZURICH

| Policy No. | Eff. Date of Pol. | Exp. Date of Pol. | Eff. Date of End. | Producer | Add'l Prem. | Return Prem. |
|---|---|---|---|---|---|---|
| AEC 9303575 05 | 04/01/2007 | 04/01/2008 | 04/01/2007 | 11595000 | --- | --- |

**Named Insured and Mailing Address:**

IMPERIAL SUGAR COMPANY
P. O. BOX 9
SUGAR LAND, TX 77487

**Producer:**

HILB, ROGAL & HOBBS
1155 DAIRY ASHFORD, SUITE 350
HOUSTON, TX 77079

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

| CERTIFIED ACT OF TERRORISM RETAINED AMOUNT SCHEDULE. | |
|---|---|
| Each Occurrence Retained Amount: | $ 1,000,000 |
| Products-Completed Operations Aggregate Retained Amount: | $ 2,000,000 |
| Other Aggregate Retained Amount: | $ 2,000,000 |

The following additional provisions apply to this policy as respects any liability, damage, loss, cost or expense arising, directly or indirectly, out of a "certified act of terrorism", including any action taken in hindering or defending against an actual or expected "certified act of terrorism", regardless of any other cause or event that contributes concurrently or in any sequence to the injury or damage:

**A.** We will pay on behalf of the insured the sums in excess of the Total Limits of Underlying Insurance shown in Item **6. B.** of the Declarations or in excess of the "retained amount" shown in the **Certified Act of Terrorism Retained Amount Schedule** of this endorsement, whichever is greater, that the insured legally becomes obligated to pay as damages.

**B.** Except as otherwise provided by this policy and by this endorsement, coverage as respects an "certified act of terrorism" follows the terms, conditions, limitations, and exclusions of the Controlling Underlying Policy in effect at the inception of this policy.

**C.** The amount we will pay for damages is limited as described in **SECTION II. LIMITS OF INSURANCE** except that Paragraph **B. 6.** is amended to read as follows:

Subject to Paragraphs **B. 2., B. 3., and B.4.** and **B. 5.** above, if the underlying Limits of Insurance stated in Item **6.** of the Declarations or the applicable "retained amount" in the **Certified Act of Terrorism Retained Amount Schedule** of this endorsement are reduced or exhausted solely by payment of damages to which this policy applies, such insurance provided by this policy will apply in excess of the reduced Underlying Limits or "retained amount" or, if all Underlying Limits or "retained amounts" are exhausted, will apply as underlying insurance subject to the same terms, conditions, definitions and exclusions of the Controlling Underlying Policy, except for the terms, conditions, definitions and exclusions of this policy or this endorsement.

**D.** If the coverage of this policy applies in excess of the "retained amount", per paragraph A. above, rather than the Total Underlying Limits of Insurance shown in Item 6.B of the Declarations, the specific "retained amounts" applying to any "certified acts of terrorism" are as follows:

    1.  The Each Occurrence Retained Amount shown in the Schedule above is the total "retained amount" of damages for which the insured is responsible, applicable to each occurrence.

    2.  The Products-Completed Operations Aggregate Retained Amount shown in the Schedule above is the total "retained amount" of damages for which the insured is responsible, applicable to all occurrences included within the products-completed operations hazard.

    3.  The Other Aggregate Retained Amount shown in the Schedule above is the total "retained amount" of damages for which the insured is responsible, applicable to all occurrences except for occurrences included within the products-completed operations hazard.

**E.** The following provision is added to **SECTION V., CONDITIONS, F., Notice of Occurrence:**

You must notify us immediately in writing of any claim or suit which seeks damages in an amount which is fifty (50) percent or more of the amount of the Each Occurrence Retained Amount stated in the **Certified Act of Terrorism Retained Amount Schedule** of this endorsement.

**F.** As used in this endorsement, "certified act of terrorism" means an act that is certified by the Secretary of Treasury of the United States, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. Section 102 of the Terrorism Risk Insurance Act of 2002 sets forth the criteria and process that the Secretary of the Treasury shall use to determine whether to certify an act of terrorism.

**F.** As used in this endorsement, "retained amount" means the amount of damages for which the insured is responsible as shown in the **Certified Act of Terrorism Retained Amount Schedule** of this endorsement.

**All other terms, conditions or limitations of the policy remain unchanged.**

Signed by:_____        _____
              Authorized Representative                           Date

Insured Name:       IMPERIAL SUGAR COMPANY
Reference Number:   AEC 9303575 05
Effective Date:     04/01/2007



**ZURICH**

### THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY. THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.

# DISCLOSURE OF PREMIUM
# (RELATING TO DISPOSITION OF TRIA)

### SCHEDULE*

**(1)** Premium attributable to risk of loss from certified acts of terrorism through the end of the policy period based on the extension of the Terrorism Risk Insurance Act of 2002, as amended by the Terrorism Risk Insurance Extension Act of 2005, ("TRIA") for lines subject to TRIA:

$375

If TRIA terminates, the portion of this premium attributable to the remaining part of the policy period, as modified by any change shown in (2) of this Schedule, applies to the risk of loss from terrorism after the termination of TRIA.

**(2)** Premium change upon termination of TRIA or upon applicability of a Conditional Endorsement:

No change unless one of the following is completed -

Return Premium:  N/A

Additional Premium:  N/A

If we notify you of an additional premium charge, the additional premium will be due as specified in such notice.

*Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Disclosure of Premium**

In accordance with the TRIA, we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to the risk of loss from terrorist acts certified under that Act for lines subject to TRIA. That portion of your premium attributable is shown in the Schedule of this endorsement or in the Declarations.

**B. Disclosure of Federal Participation in Payment of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. The federal share equals 90% (85% for 2007) of that portion of the amount of such insured losses that exceeds the applicable insurer retention. The Act currently provides for no insurance industry or United States government participation in terrorism losses that exceed $100 billion in any one calendar year.  The federal program established by the Act is scheduled to terminate at the end of December 31, 2007 unless extended by the federal government.

**C. Possibility of Additional or Return Premium**

The premium attributable to the risk of loss from certified acts of terrorism coverage is calculated based on the coverage (if any) in effect at the beginning of your policy for certified acts of terrorism.  If your policy contains a Conditional Endorsement, the termination of TRIA or extension of the federal program with certain modifications (as explained in that endorsement) may modify the extent of coverage (if any) your policy provides for terrorism. If TRIA terminates or the Conditional Endorsement becomes applicable to your policy, the return premium (if any) or additional premium (if any) shown in (2) of the Schedule will apply. If the level or terms of federal participation change, the premium shown in (1) of the Schedule attributable to that part of the policy period extending beyond such a change may not be appropriate and we will notify you of any changes in your premium.

Includes copyrighted material of ISO Properties, Inc. with its permission.
Copyright Zurich American Insurance Company 2006

U-GU-692-B CW  (01/06)
Page 1 of 1



# Following Form Excess Liability Policy

<u>Zurich U.S.</u>
Insurance is provided by the company designated on the declarations page of this policy.

The addresses of the Zurich U.S. companies are shown below:

ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS
COMPANY
1400 American Lane
Schaumburg, Illinois 60196-1056

AMERICAN ZURICH INSURANCE

1400 American Lane
Schaumburg, Illinois 60196-1056

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
One Liberty Plaza, 165 Broadway
New York, New York 10006

Administrative Offices of all Zurich U.S. companies are
located at 1400 American Lane, Schaumburg, Illinois 60196-1056

# Following Form Excess Liability Policy



**ZURICH**

There are provisions in this policy that restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such in the Controlling Underlying Policy, but only to the extent and within the scope for which such "insureds" qualify for coverage in the Controlling Underlying Policy.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations and in accordance with the provisions of this policy we agree with you to provide coverage as follows:

## Insuring Agreements

### SECTION I.  COVERAGE

**A.**  We will pay on behalf of the insured the sums in excess of the total Underlying Limits of Insurance shown in Item **6.B.** of the Declarations that the insured becomes legally obligated to pay as damages.

**B.**  This insurance applies only to damages covered by the Controlling Underlying Policy as shown in Item **6.A.** of the Declarations. Except as otherwise provided by this policy, the coverage follows the definitions, terms, conditions, limitations, and exclusions of the Controlling Underlying Policy in effect at the inception of this policy.

**C.**  The amount we will pay for damages is limited as described in **SECTION II. LIMITS OF INSURANCE.**

### SECTION II.  LIMITS OF INSURANCE

**A.**  The Limits of Insurance shown in the Declarations and the rules below describe the most we will pay regardless of the number of:

    **1.**  Insured's;

    **2.**  Claims made or suits brought; or

    **3.**  Persons or organizations making claims or bringing suits.

**B.**  The Limits of Insurance of this policy will apply as follows:

    **1.**  This policy applies only in excess of the Underlying Limits of Insurance shown in Item **6.B.** of the Declarations.

    **2.**  If our Limits of Insurance stated in Item **4.** of the Declarations are less than the total Limits of Insurance stated in Item **4.**, the limits of our liability shall be that proportion of all damages which our Limits of Insurance bear to the total Limits of Insurance in Item **4.** and which is in excess of the total underlying insurance limits as stated in Item **6.B.** of the Declarations.

    **3.**  Subject to Paragraph **B. 2.** above, the Occurrence Limit stated in Item **4.A.** of the Declarations is the most we will pay for all damages arising out of any one occurrence to which this policy applies.

    **4.**  Subject to Paragraphs **B.2.** and **B.3.** above, the limit stated in Item **4.C.** of the Declarations for the Products/Completed Operations Aggregate is the most we will pay for all damages during our policy period under the products/ completed operations hazard.

5. Subject to Paragraphs **B.2.** and **B.3.** above, the Other Aggregate Limit stated in Item **4.B.** of the Declarations is the most we will pay for all damages, except for damages covered under the products/completed operations hazard, that are subject to an aggregate limit provided by the Controlling Underlying Policy. The Other Aggregate Limit applies separately and in the same manner as the aggregate limits provided by the Controlling Underlying Policy.

6. Subject to Paragraphs **B.2., B.3., B.4.** and **B.5.** above, if the underlying Limits of Insurance stated in Item **6.** of the Declarations are reduced or exhausted solely by payment of damages to which this policy applies, such insurance provided by this policy will apply in excess of the reduced Underlying Limits or, if all Underlying Limits are exhausted, will apply as underlying insurance subject to the same terms, conditions, definitions and exclusions of the Controlling Underlying Policy, except for the terms, conditions, definitions and exclusions of this policy.

7. The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the preceding period for purposes of determining the Limits of Insurance.

## SECTION III. DEFENSE

**A.** We will not be required to assume charge of the investigation of any claim or defense of any suit against you.

**B.** We will have the right, but not the duty, to be associated with you or your underlying insurer or both in the investigation of any claim or defense of any suit which in our opinion may create liability on us for payment under this policy.

**C.** If all Underlying Limits of Insurance stated in Item **6.** of the Declarations are exhausted solely by payment of damages, we shall have the right but not the duty to investigate and settle any claim or assume the defense of any suit which in our opinion may give rise to a payment under this policy. We may, however, withdraw from the defense of such suit and tender the continued defense to you if our applicable Limits of Insurance stated in Item **4.** of the Declarations are exhausted by payment of damages.

If we exercise our rights under Paragraphs **B.** or **C.** above, we will do so at our own expense, and any such expense payments will not reduce the Limits of Insurance provided by this policy.

## SECTION IV. EXCLUSIONS

This policy does not apply to any liability, damage, loss, cost or expense:

### ASBESTOS

**A.** Arising out of;

1. The mining, processing, manufacturing, use, testing, ownership, sale or removal of asbestos, asbestos fibers or materials containing asbestos;

2. Exposure to asbestos, asbestos fibers, or material containing asbestos; or

3. Any error or omission in supervision, instructions, recommendations, notices, warnings or advice given, or which should have been given, in connection with asbestos fibers or material containing asbestos.

### POLLUTION

**B.** 1. Arising directly or indirectly out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

This exclusion does not apply to bodily injury or property damage arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:

   **a.** At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or

   **b.** At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of, "pollutants".

2. Arising out of any:

   **a.** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

    **b.**    Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

As used in this exclusion:

**1.**    A "hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

**2.**    "Pollutants" means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

## NUCLEAR

**C.**  **1.**    With respect to which any insured under this policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic, Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its Limits of Insurance; or

  **2.**    Resulting from the "hazardous properties" of "nuclear material" and with respect to which:

    **a.**    A person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof; or

    **b.**    Any insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization; or

  **3.**    Any injury or "nuclear property damage" resulting from the "hazardous properties" of "nuclear material", if:

    **a.**    The "nuclear material":

      **(i)**    Is at any "nuclear facility" owned by, or operated by or on behalf of, any insured; or

      **(ii)**    Has been discharged or dispersed therefrom;

    **b.**    The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of any insured; or

    **c.**    The injury or "nuclear property damage" arises out of the furnishing by any insured of services, materials, parts or equipment in connection with the planning, construction, maintenance operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this subparagraph **c.** applies only to "nuclear property damage" to such "nuclear facility'" and any property thereat.

As used in this exclusion:

**1.**    "Hazardous properties" include radioactive, toxic or explosive properties.

**2.**    "Nuclear Facility" means:

    **a.**    Any "nuclear reactor";

    **b.**    Any equipment or device designed or used for:

      **(i)**    Separating the isotopes of uranium or plutonium,

      **(ii)**    Processing or utilizing "spent fuel", or

      **(iii)**    Handling, processing or packaging "waste";

    **c.**    Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; or

    **d.**    Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste", and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

**3.**    "Nuclear material" means "source material", "special nuclear material" or "by-product material";

4. "Nuclear property damage" includes all forms of radioactive contamination of property;

5. "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

6. "Source material", "special nuclear material" and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

7. "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

8. "Waste" means any waste material;

   a. Containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and

   b. Resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

## SECTION V. CONDITIONS

### A. Appeals

In the event you or any underlying insurer elects not to appeal a judgment in excess of the amount of the Underlying Insurance, we may elect to appeal at our expense. If we do so elect, we will be liable for the costs and additional interest accruing during this appeal. In no event will this provision increase our liability beyond the applicable Limits of Insurance described in **SECTION II.** of this policy.

### B. Bankruptcy or Insolvency

The bankruptcy, insolvency or inability to pay of any insured will not relieve us from our obligation to pay damages covered by this policy.

In the event of bankruptcy, insolvency or refusal or inability to pay, of any underlying insurer, the insurance afforded by this policy will not replace such underlying insurance, but will apply as if all the limits of any underlying insurance is fully available and collectible.

### C. Cancellation

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2. We may cancel this policy. If we cancel because of non-payment of premium, we will mail or deliver to you not less than ten (10) days advance written notice when the cancellation is to take effect. If we cancel for any other reason, we will mail or deliver to you not less than sixty (60) days advance written notice stating when the cancellation is to take effect. Mailing notice to you at your mailing address shown in Item **2.** of the Declarations will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancellation notice.

4. If we cancel, final premium will be calculated pro rata based on the time this policy was in force.

5. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and our short rate cancellation table and procedure.

6. Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, will be sufficient tender of any refund due you.

7. The Named Insured in Item **1.** of the Declarations will act on behalf of all other insureds with respect to the giving and receiving of notice of cancellation and the receipt of any premium refund that may become payable under this policy.

### D. Maintenance of Underlying Insurance

During the period of this policy, you agree:

1. To keep the policies making up the Total Limits of Underlying Insurance in Item **6.B.** of the Declarations in full force and effect;

2. That the Limits of Insurance of the Underlying Insurance policies will be maintained except for any reduction or exhaustion of aggregate limits by payment of claims or suits for damages covered by Underlying Insurance;

3. The Underlying Insurance policies may not be canceled or not renewed by you without notifying us, and you agree to notify us in the event an insurance company cancels or declines to renew any Underlying Insurance policy;

4. Renewals or replacements of the Controlling Underlying Policy will not be materially changed without our agreement.

If you fail to comply with these requirements, we will only be liable to the same extent that we would have been had you fully complied with these requirements.

## E. Notice of Occurrence

1. You must see to it that we are notified as soon as practicable of an occurrence which may result in damages covered by this policy. To the extent possible, notice will include:

   a. How, when and where the occurrence took place;

   b. The names and addresses of any injured persons and witnesses;

   c. The nature and location of any injury or damage arising out of the occurrence.

2. If a claim or suit against any Insured is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

3. You and any other involved insured must:

   a. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

   b. Authorize us to obtain records and other information;

   c. Cooperate with us in the investigation, settlement or defense of the claim or suit; and

   d. Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

4. The insureds will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## F. Other Insurance

If other insurance applies to damages that are also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other insurance is written to be excess of this policy.

Other insurance includes any type of self-insurance or other mechanism by which an insured arranges for funding of legal liabilities.

## G. Terms Conformed to Statute

The terms of this policy which are in conflict with the statutes of the state where this policy is issued are amended to conform to such statutes. If we are prevented by law or statute from paying on behalf of the insured, then we will, where permitted by law or statute, indemnify the insured.

## H. When Damages are Payable

Coverage under this policy will not apply unless and until the insured or the insured's underlying insurance has paid or is obligated to pay the full amount of the Underlying Limits of Insurance stated in Item **6.B.** of the Declarations.

When the amount of damages is determined, we will promptly pay on behalf of the insured the amount of damages covered under the terms of this policy.

# In Witness Clause



## ZURICH

In return for the payment of premium, and subject to all the terms of the policy, we agree with you to provide insurance as stated in this policy. This policy shall not be valid unless countersigned by the duly authorized Representative of the Company.

**In Witness Whereof,** this Company has executed and attested these presents, and where required by law, has caused this policy to be countersigned by its duly authorized Representative.

**President**                                        **Corporate Secretary**

**American Guarantee and Liability Insurance Company**
**American Zurich Insurance Company**
**Zurich American Insurance Company of Illinois**
    **Administrative Offices**
    **Zurich Towers**
    **1400 American Lane**
    **Schaumburg, Illinois   60196-1056**

---

**QUESTIONS ABOUT YOUR INSURANCE?**  Your agent or broker is best equipped to provide information about your insurance. Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich U.S.
Customer Inquiry Center
1400 American Lane
Schaumburg, Illinois  60196-1056
**1-800-382-2150** (Business Hours:  8am - 4pm [CT])

U-EXS-217-A CW (4/99)
Page 1 of 1

**ZURICH NORTH AMERICA**
**SPECIALTIES –Excess Casualty**
12222 Merit Drive, Suite 700
Dallas, TX  75251
FAX – 214-866-1365


**ZURICH**

May 7, 2007

Todd Haselhorst
Hilb, Rogal & Hobbs
1155 Dairy Ashford
Suite 350
Houston, TX   77079

**RE:   Imperial Sugar Company**
           **AEC 9303575 05**

Dear Todd:

We appreciate the business you have placed with us.  Enclosed, please find your copy and the Insured's copy of the policy for the above captioned account.  We trust you will find everything in order.

Should you have any questions or concerns, please do not hesitate to contact us.

Thank you for your support of our program.   I look forward to hearing from you in the near future with other accounts.

Sincerely,

Dan McCulloch
Senior Underwriting Specialist
Excess Casualty – Dallas

DM/tem

## Disclosure Statement



**ZURICH**

Imperial Sugar Company
AEC 9303575 05


It is our pleasure to present the enclosed policy to you
for presentation to your customer.

**INSTRUCTION TO AGENT OR BROKER:**

WE REQUIRE THAT YOU TRANSMIT THE ATTACHED/ENCLOSED DISCLOSURE
STATEMENT TO THE CUSTOMER WITH THE POLICY.

Once again, thank you for your interest, and we look forward to meeting your needs and those of
your customers.

# Disclosure Statement



**ZURICH**

Imperial Sugar Company
AEC 9303575 05

**ZURICH AGENT/BROKER COMPENSATION DISCLOSURE**

Dear Policyholder:

On behalf of Zurich, we are glad you have chosen us as your insurance company.  We look forward to meeting your insurance needs and want you to understand clearly our business relationship with the agent or broker you chose to represent your company's interests in the placement of insurance coverages.

As is the case with many insurance companies in the United States, Zurich distributes many of its insurance products through agents or brokers.  This means that your agent or broker is not employed by Zurich and, in fact, may represent many insurance companies.  Because we do not employ your agent or broker, the way they are compensated may vary.  We recommend you discuss these arrangements with your agent or broker.

For an explanation of the nature and range of compensation Zurich may pay to your agent or broker in connection with your business, please go to **http://www.zurichna.com**.  Click on the information link located on the Agent/Broker Compensation Disclosure section.  Where appropriate, insert the Access Code provided below, and you will be able to view this information.  Alternatively, you may call (877) 347-6465 to obtain this type of information.

Thank you.

Access Code:  0112902711